UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL R. FRANZEN,

Plaintiff,

v. Case No. 26-CV-263

MELISSA WENDT-TROCHINSKI et al.,

Defendants.

---

**ORDER**

---

Plaintiff Daniel R. Franzen is currently incarcerated at Oshkosh Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on an Eighth Amendment deliberate indifference claim against Defendants APNP Melissa Wendt-Trochinski, HSU Manager Kelly Pelky, HSU Assistant Manager Angel Hoffman, and Nurse Morgan Malchow based on allegations that Defendants did not properly treat his brain tumor and related symptoms. This matter comes before the Court on Plaintiff's motion to compel. Plaintiff requests that the Court compel Defendants to produce his MRI and CT images, optical notes, hearing test notes and results, short-term care logs, and external movement logs.

Defendants assert that, after Plaintiff signed a medical authorization, they procured Plaintiff's medical records from July 1, 2025, to the present and produced an identical copy of those records to Plaintiff. They maintain that the short-term care logs were produced as part of the 1,913-page medical record production. As for the MRI and CT images, optical notes, and hearing test notes and results, Defendants contend that these records are from Plaintiff's medical

appointments with third-party, outside providers and are not in Defendants' possession, custody, or control.

Plaintiff concedes that the Health Services Unit does not have the records he seeks. If the records are not in the Health Services Unit, Defendants do not have possession or control over them. Plaintiff argues that it is easier for Defendants to obtain the medical records from outside providers because Defendants frequently communicate with the outside providers to set up appointments, transportation, and medical treatment. He seems to suggest that Defendants must gather the evidence to support his claims for him. Yet, Defendants are not required to produce any documents they do not have. Stated differently, Defendants are only obligated to produce the information they have in their possession. Because Defendants have produced all of Plaintiff's medical records in their possession, they have sufficiently responded to Plaintiff's discovery requests.

Next, Defendants assert that they have already produced Plaintiff's external movement log to Plaintiff. Plaintiff states that the external movement log Defendants produced shows external movement on only two occasions when, according to his records, he has been outside the correctional facility approximately fifteen times. Defendants maintain that they have produced all of the information regarding Plaintiff's external movement. The issue in this case is whether Defendants were deliberately indifferent to Plaintiff's serious medical needs when they failed to properly treat his brain tumor and related symptoms. In the event Plaintiff's external movement is relevant to the issue in this case, Plaintiff has personal knowledge regarding his external movement and the accuracy of Defendants' information, and he can tell the Court his version of events through an unsworn declaration. Based on Defendants' assertion that they are not withholding any responsive documents regarding Plaintiff's external movement, the Court

concludes that they have sufficiently responded to Plaintiff's discovery requests. For these reasons, Plaintiff's motion to compel is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 20) is **DENIED**.

Dated at Green Bay, Wisconsin on November 24, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge